UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON DAVIS, JR., | No. 2:20-cv-01393 TLN AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CHILD SERVICES, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This proceeding was referred to the undersigned by Local Rule 302(c)(21). Plaintiff has paid the filing fee and filed a certificate of service. ECF No. 4. On August 20, 2020, plaintiff moved for a cease and desist order of child support. ECF No. 5. Upon review of the complaint, the undersigned concludes that the court lacks subject matter jurisdiction to hear this case and recommends that it be dismissed. The motion at ECF No. 5 should be denied as moot.

## I. The Complaint

Plaintiff is suing the California Department of Child Support Services, asserting federal question jurisdiction under "29 CFR 1614(a) and (a)(1)" and the Fair Debt Collection Practices Act. ECF No. 1 at 2-4. Plaintiff seeks five million dollars in damages for the violation of his civil rights, discrimination, and unlawful actions in violation of federal law, a grant of full

1   custody of his child, prosecution of the child's mother for perjury, and a return of child support
2   payments made in the amount of $15,000. Id. at 5-6. Plaintiff alleges that DCSS discriminates
3   against African American males and does not follow the laws for fathers to get equal treatment.
4   Id. at 5.
5       Substantively, plaintiff alleges he has had fifty percent custody of his child since 2015, but
6   in 2018 the child's mother committed perjury and stated that he was with his child less than the
7   agreed amount of time. Id. at 7. After a significant delay, and without considering plaintiff's
8   paperwork, the court ordered back child support payments and "stole money from the sale of my
9   condo in violation of the Fair Debt Collection Practice Act." Id. at 8. Plaintiff alleges that
10  "DCSS violated federal law; Fair Debt Collection Practices Act, when it administered a false
11  order of child support and stated I owed eleven thousand in back child support putting a lien on
12  the sale of my condo and never informed me of my debt, then garnishing my wages to continue
13  this illegal order." Id.

## II.  Analysis

1. Sua Sponte Dismissal for Lack of Subject Matter Jurisdiction

16  Federal courts are courts of limited jurisdiction; a federal court generally has jurisdiction
17  over a civil action when: (1) a federal question is presented in an action "arising under the
18  Constitution, laws, or treaties of the United States" or (2) there is complete diversity of
19  citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§
20  1331, 1332(a). Absence of subject matter jurisdiction requires a federal court to dismiss a case.
21  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III
22  generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before
23  it considers the merits of a case"). Thus, "a court may raise the question of subject matter
24  jurisdiction, sua sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc.,
25  316 F.3d 822, 826 (9th Cir. 2002). The "presence or absence of federal-question jurisdiction is
26  governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
27  only when a federal question is presented on the face of the plaintiff's properly pleaded
28  complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

### 2. This Case is Barred by the Rooker-Feldman Doctrine

Although plaintiff's complaint is cast in terms of federal law violations, it is clear from the content of the complaint and the remedies sought (specifically, return of child support payments made, full custody of his child, and production of his child's mother) that he is essentially contesting the state court judgment regarding his child support and custody obligations. This amounts to a de facto appeal of the state court judgment. See Cooper v. Ramos, 704 F.3d 772, 777–78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff."). The court does not have jurisdiction to hear such a case.

The Rooker-Feldman doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

In seeking a remedy by which this court invalidates a state court decision and amends the state court record, plaintiff is clearly asking this court to "review the final determinations of a state court in judicial proceedings," which is at the core of Rooker-Feldman's prohibition. In re

1  Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000).  Requests to vacate a family court order and child

2  support debt are generally considered de facto appeals.  Riley v. Knowles, No. 1:16-CV-0057-

3  JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016).  Indeed, requests to the federal courts to

4  reverse the outcomes of family law issues, such as divorce proceedings or child custody

5  determinations, are generally treated as de facto appeals barred by Rooker-Feldman.  See Moore

6  v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013).  Accordingly, plaintiff's action

7  constitutes a "forbidden de facto appeal" and the court lacks subject matter jurisdiction to hear the

8  case.

         3.  There is No Federal Question Jurisdiction

Even if the Rooker-Feldman doctrine did not deprive this court of subject matter jurisdiction, the court would be required to find that subject matter jurisdiction does not exist. This is because the allegations of the complaint do not plausibly identify any violation of a federal law.  Plaintiff predicates his claims on two federal laws, neither of which support a cause of action.

As to plaintiff's first reference to federal law, the Fair Debt Collection Practices Act, federal courts have repeatedly rejected application of this statute to the collection of child support payments.  See Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86 (4th Cir. 1994), Battye v. Child Support Servs., Inc., 873 F. Supp. 103, 105 (N.D. Ill. 1994), Adymy v. Erie County Child Support Enf't Unit, No. 03-CV-0955E(SC), 2006 WL 1174322, at *3 (W.D.N.Y. May 2, 2006).  Child support payments "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services.  Rather, the [state agency responsible for collecting child support] imposed these obligations upon appellants to force them to fulfill their parental duty to support their children."  Mabe, 32 F.3d at 88.  Because plaintiff's FDCPA claim is based solely on his child support obligations and the FDCPA therefore does not apply, this statute cannot provide the basis for federal question jurisdiction.

Plaintiff's second reference to federal law, 29 CFR § 1614, likewise fails to support federal question jurisdiction.  This regulation, promulgated under the Labor Code, is entitled "Federal Sector Equal Employment Opportunity."  Neither the regulation nor the Labor Code

have any potential relationship to the child custody and child support issues that give rise to plaintiff's complaint.  Because this provision of federal law does not relate the facts presented in the complaint, it does not support federal question jurisdiction.  Again, the undersigned finds this court has no jurisdiction to hear this case.

### III.  Conclusion

Accordingly, the undersigned recommends that this case be DISMISSED for lack of subject matter jurisdiction, and that the pending motion (ECF No.5) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991)

DATED: August 25, 2020

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE