UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, <br><br> Defendant. | No. 2:20-cv-01393-TLN-AC <br><br><br> **ORDER** |

This matter is before the Court on Plaintiff Leon Davis, Jr.'s ("Plaintiff") Motion for Reconsideration of the Court's October 7, 2020 Order (ECF No. 7), which dismissed the action for lack of subject matter jurisdiction.[1] (ECF No. 9.) For the reasons set forth below, Plaintiff's Motion is DENIED.

///

///

///

///

---

[1] Plaintiff subsequently filed a "Response re: Dismissal/Continuance of Case," which is a duplicate of his Motion for Reconsideration with an additional introductory paragraph that prefaces the motion. (*Compare* ECF No. 9 *with* ECF No. 10.) Both filings are considered and addressed together herein.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this civil action against the California Department of Child Support Services ("DCSS") on July 10, 2020, asserting claims under "29 CFR 1614(a) and (a)(1)" and the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1.) In sum, Plaintiff seeks damages for the violation of his rights, a grant of full custody of his child, prosecution of the child's mother for perjury, and a return of child support payments allegedly improperly assessed by the DCSS. (*See id.* at 5–6.)

On August 26, 2020, the magistrate judge issued Findings and Recommendations to dismiss the action for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine because Plaintiff was impermissibly seeking to overturn a state court ruling through a federal civil action.[2] (ECF No. 6 at 2–4.) Alternatively, the Findings and Recommendations found Plaintiff failed to assert a federal question because the FDCPA is inapplicable to child support payments, and 29 CFR 1614, a regulation under the Labor Code, is likewise inapplicable to child support and custody issues. (*Id.* at 4–5 (citing *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86 (4th Cir. 1994); *Battye v. Child Support Servs., Inc.*, 873 F. Supp. 103, 105 (N.D. Ill. 1994); *Adymy v. Erie County Child Support Enf't Unit*, No. 03-CV-0955E(SC), 2006 WL 1174322, at *3 (W.D.N.Y. May 2, 2006)).) Plaintiff did not file any objections to the Findings and Recommendations. On October 7, 2020, the Court adopted the Findings and Recommendations in full and dismissed the action. (ECF No. 7.) On October 15, 2020, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 9.)

II.  **STANDARD OF LAW**

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a

---

[2] Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *See Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003).

1    motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of

2    judgment. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks &*

3    *Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Otherwise, it is

4    treated as a Rule 60(b) motion for relief from judgment or order. *Id.* Here, Plaintiff's motion was

5    filed within twenty-eight days of entry of Judgment and is therefore construed as a motion to alter

6    or amend the judgment under Rule 59(e). (*See* ECF Nos. 33, 35.)

7        Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the

8    district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v.*

9    *Herron (Allstate Ins. Co.)*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*,

10   197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). "In general, there are four basic grounds upon which a

11   Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of

12   law or fact upon which the judgment rests; (2) if such motion is necessary to present newly

13   discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest

14   injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id*.

15   Reconsideration "should not be granted, absent highly unusual circumstances, unless the district

16   court is presented with newly discovered evidence, committed *clear error*, or if there is an

17   intervening change in the controlling law." *McDowell*, 197 F.3d at 1255 (emphasis in original).

18   Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be

19   used sparingly." *Id.* at 1255 n.1. Further, "[a] motion for reconsideration may *not* be used to

20   raise arguments or present evidence for the first time when they could reasonably have been

21   raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*

22   *(Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

23       Additionally, where the motion for reconsideration pertains to an order granting or

24   denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or

25   different facts or circumstances are claimed to exist which did not exist or were not shown upon

26   such prior motion, or what other grounds exist for the motion; and [explain] why the facts or

27   circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

28   ///

### III.    ANALYSIS

Plaintiff fails to advance any argument that establishes he is entitled to relief under Rule 59(e). Plaintiff's arguments do not constitute "newly discovered or previously unavailable evidence" or "an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4). Rather, Plaintiff is impermissibly re-asserting the allegations of his Complaint and arguments that he previously made (or could have made) prior to this Court's entry of Judgment. (*Compare* ECF No. 1 *with* ECF No. 9 at 2–3); *Marlyn*, 571 F.3d at 880. To the extent Plaintiff suggests reconsideration is warranted because he was delayed in opposing the final order due to stress, personal matters, the political climate, and COVID-19 in general (ECF No. 9 at 1), the Court finds Plaintiff fails to identify any specific circumstances that are so "highly unusual" as to require reconsideration to "prevent manifest injustice." *McDowell*, 197 F.3d at 1255; *Allstate Ins. Co.*, 634 F.3d at 1111. Nor do the circumstances Plaintiff identifies appear to be new (for example, COVID-19 reached pandemic status in early 2020; the order of dismissal was issued in October). *See* E.D. Cal. L.R. 230(j)(3)–(4).

Furthermore, to the extent Plaintiff suggests it was error to dismiss the action without permitting him leave to file an amended complaint (*see* ECF No. 9 at 3), Plaintiff's argument is also unavailing. While Rule 15 favors liberality in amendments to pleadings, even a *pro se* litigant may be denied leave to amend when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, as the Findings and Recommendations correctly note, Plaintiff's allegations make clear he seeks to challenge a state court custody and support order pursuant to statutes under which his claims fail as a matter of law. (*See* ECF No. 6.) As no amendment could cure the identified pleading defects, dismissal without leave to amend was appropriate. (*See id.*) Notably, Plaintiff fails to address these findings at all in his motion, nor does he propose any amendments that could purportedly cure the identified pleading defects. (*See generally* ECF No. 9.) Accordingly, Plaintiff fails to demonstrate he is entitled to the extraordinary relief set forth under Rule 59(e). *McDowell*, 197 F.3d at 1255 n.1.

///

**IV.  CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion for Reconsideration is DENIED. (ECF Nos. 9, 10.)

IT IS SO ORDERED.

DATED: February 5, 2021

Troy L. Nunley
United States District Judge