UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, <br><br> Defendant. | No. 2:20-cv-01393-TLN-AC <br><br><br> **ORDER** |

This matter is before the Court on Plaintiff Leon Davis, Jr.'s ("Plaintiff") second Motion for Reconsideration, which again challenges the Court's October 7, 2020 Order dismissing the action for lack of subject matter jurisdiction (ECF No. 7), and potentially also seeks reconsideration of the Court's February 22, 2021 Order denying Plaintiff's first motion for reconsideration (ECF No. 11). (ECF No. 12.) For the reasons set forth below, Plaintiff's motion is DENIED.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se,* initiated this civil action against the California Department of Child Support Services ("DCSS") on July 10, 2020, asserting claims under "29 CFR 1614(a) and (a)(1)" and the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1.) Plaintiff seeks damages for the violation of his rights, a grant of full custody of his child, prosecution of the child's mother for committing perjury, and a return of child support payments allegedly improperly assessed by the DCSS. (*Id.* at 5–6.) On August 20, 2020, Plaintiff filed a motion titled "Request for Cease and Desist Order of Child Support." (ECF No. 5.)

On August 26, 2020, the magistrate judge issued findings and recommendations to *sua sponte* dismiss the action for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine, which restricts Plaintiff from overturning a state court ruling through a federal civil action. (ECF No. 6 at 2–4.) Alternatively, the findings and recommendations found Plaintiff failed to assert a federal question because the FDCPA is inapplicable to child support payments, and 29 CFR 1614, a regulation under the Labor Code, is likewise inapplicable to child support and custody issues. (*Id.* at 4–5 (citing *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86 (4th Cir. 1994); *Battye v. Child Support Servs., Inc.*, 873 F. Supp. 103, 105 (N.D. Ill. 1994); *Adymy v. Erie County Child Support Enf't Unit*, No. 03-CV-0955E(SC), 2006 WL 1174322, at *3 (W.D.N.Y. May 2, 2006)).) In light of these findings and recommendations, the magistrate judge additionally recommended denying Plaintiff's motion (ECF No. 5) as moot. (ECF No. 6 at 5.) Plaintiff did not file any objections to the findings and recommendations. On October 7, 2020, the Court adopted the findings and recommendations in full, dismissed the action, and denied Plaintiff's motion as moot. (ECF No. 7.)

On October 15, 2020, Plaintiff filed his first motion for reconsideration challenging the dismissal. (ECF No. 9.) In rejecting the motion, the Court found Plaintiff's arguments did not present any "newly discovered or previously unavailable evidence" or "an intervening change in controlling law." (ECF No. 11 at 4 (citing *Allstate Ins. Co.*, 634 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4)).) Thus, the Court concluded Plaintiff failed to demonstrate he was entitled to relief under Rule 59(e) and denied the motion. (*Id.*)

On February 22, 2021, Plaintiff filed instant motion for reconsideration, seeking the exact same relief. (ECF No. 12.)

**II.  STANDARD OF LAW**

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Id.* The instant motion was filed more than twenty-eight days after the entry of Judgment and is therefore construed as a motion for relief from final judgment under Rule 60(b). (*See* ECF Nos. 8, 12.)

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by

3

resorting to subsection (6). *Id.*, citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

### III. ANALYSIS

The instant motion is identical to Plaintiff's first motion for reconsideration, filed on October 15, 2020. (*Compare* ECF No. 9 *with* ECF No. 12.) The only difference between the two motions for reconsideration is that Plaintiff has attached approximately 70 pages of documents to the instant motion. (*See* ECF No. 12 at 8–76.) However, these documents are not new. Rather, they are mostly the same documents that Plaintiff attached to his initial Complaint, which pertain to matters in Plaintiff's underlying family law case that are only as recent as November 2018 and date back to 2010. (*Compare id. with* ECF No. 1 at 10–71.) The only new document, a letter dated February 13, 2021, was written by Plaintiff and submitted to the DCSS, and appears to rehash the exact same arguments set forth in the Complaint and Plaintiff's prior filings. (*Compare* ECF No. 12 at 4–5 *with* ECF No. 1 at 10.) As a result, the Court finds Plaintiff has again presented no newly discovered evidence, circumstances, or change in intervening law and therefore fails to satisfy the threshold requirement for reconsideration set forth under Local Rule 230(j). E.D. Cal. L.R. 230(j)(3)–(4); *see also Marlyn*, 571 F.3d at 880.

///

Furthermore, because the instant motion for reconsideration is identical to Plaintiff's prior motion, Plaintiff fails to demonstrate he is entitled to the extraordinary relief set forth under either Rule 59 or 60 for the exact same reasons stated in the Court's February 8, 2021 Order. (*See* ECF No. 11.)

**IV. CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion for Reconsideration is DENIED. (ECF No. 12.)

IT IS SO ORDERED.

DATED: July 14, 2021

Troy L. Nunley
United States District Judge